UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| **Plaintiff.** § | |
| § | |
| v. § | CRIMINAL NO. 1:25-CR-00257 |
| § | |
| **JAMES CHRISTOPHER HOYT,** § | |
| **Defendant.** § | |

**FIRST UNOPPOSED MOTION TO CONTINUE TRIAL SETTING
DUE TO UNUSUAL AND COMPLEX NATURE OF THE CASE**

The United States files this unopposed motion to continue the trial setting from July 14, 2025 to October 2025.

Section 3161(h)(7)(B) of Title 18 sets forth several factors that can be considered in determining that the ends of justice outweigh the best interest of the public and defendant in a speedy trial. Specifically, subparagraph (ii) provides a basis where "the case is so unusual or so complex, due to . . . the nature of the prosecution . . . that it is unreasonable to expect adequate preparation . . . within the time limits established by this section." Similarly, subparagraph (iv) provides a basis even if the case is not unusual or complex, but is nevertheless a case in which the time limits would "deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation."

In this case, on November 23, 2023, law enforcement executed a federal search warrant at Defendant's residence in Pflugerville, Texas. During the execution of the search warrant, law enforcement located over 40 media devices that need to be thoroughly analyzed by the case agent, and computer forensics experts, including any that might be hired by the defense. Indeed, one of the devices seized contained 144 terabytes of capacity (this is where the majority of the relevant

evidence was located). One terabyte is one trillion bytes. In a more relatable sense, one terabyte is about 250 movies (500 hours of HD video), or the storage capacity of roughly 16 (64GB) iPhones. In other words, 144 terabytes is the equivalent of having to review 2,304 iPhones in total. Any case that involved the review of over 2,000 phones would be considered unusual and complex. The FBI has already conducted substantial review of the seized devices.

Moreover, law enforcement has submitted more than 100,000 Images to the National Center for Missing and Exploited Children to determine if said images are already known to NCMEC and thus have identifiable victims. The victim identification component is important, at a minimum, for purposes of potential restitution claims. Additionally, this case involves the use of sophisticated technology, including the use of the dark web.[1]

The Grand Jury indicted this matter on May 6, 2025. The United States has already produced 3,599 pages of discovery on May 23, 2025. Furthermore, the United States and defense counsel have already met once, on May 30, 2025, to begin the defense's review of the contraband evidence that can only be reviewed at the local FBI office, pursuant to 18 U.S.C. § 3509(m). Nevertheless, additional review sessions will be necessary. Furthermore, the defense intends to engage the services of multiple experts, but needs additional time to both identify and then engage the experts, as well as for the experts to conduct their various examinations, and produce reports, including both computer forensics and psychological assessments.

Defendant's counsel is not opposed to this continuance.

---

1 "The terms 'dark web' and 'darknet' are often used to refer to a part of the Internet that consists of services and websites that cannot be accessed through standard web browsers; instead, specific software, configurations, or authorization is needed for access. While accessing the dark web is not illegal, dark web sites are often used to engage in illegal activities… such as trafficking drugs; firearms and weapons of mass destruction; child sexual abuse material; malware; and other illicit goods and services." *See* https://oig.justice.gov/sites/default/files/reports/21-014.pdf (last accessed June 5, 2025).

Respectfully submitted,

MATTHEW R. GALEOTTI
SUPERVISORY OFFICIAL
CRIMINAL DIVISION
DEPARTMENT OF JUSTICE


BY: /s/ Austin M. Berry
AUSTIN M. BERRY
TRIAL ATTORNEY

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to all attorneys of record.

/s/ Austin M. Berry
Austin M. Berry
Trial Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| Plaintiff. § | |
| § | |
| v. § | CRIMINAL NO. 1: 25-CR-00257 |
| § | |
| **JAMES CHRISTOPHER HOYT,** § | |
| Defendant. § | |

**ORDER**

BEFORE THE COURT is the United States' Motion For Continuance of the jury trial set in the above captioned cause. The Court having considered the Motion finds that the Motion should be GRANTED, and the jury selection and jury trial is hereby re-scheduled to the ___ day of October, 2025, at _____ a.m.

Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv), the Court finds that the nature of the prosecution is unusual and complex in that this case involves a significant amount of data that have not been completely analyzed by law enforcement, nor has the defense had sufficient opportunity to review a vast portion of the evidence or decide whether an expert should be appointed to assist in the defense. Thus, neither side has had a reasonable opportunity for effective preparation given the unusually voluminous nature of the images and other discovery in this case.

Therefore, the Court finds that the interests of justice outweigh the interests of the Defendant and of the public in a speedy trial, and that the period of time from _____, through _____, is excludable time within the meaning of the Speedy Trial Act, 18 U.S.C. § 3161, et seq.

SIGNED on this _____ day of _____, 2025.

_____
UNITED STATES DISTRICT JUDGE