UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| **Plaintiff.** § | |
| § | |
| v. § | CRIMINAL NO. 1:25-CR-00257 |
| § | |
| **JAMES CHRISTOPHER HOYT,** § | |
| **Defendant.** § | |

**SECOND UNOPPOSED MOTION TO CONTINUE TRIAL SETTING**

The United States files this unopposed motion to continue the trial setting from October 6, 2025 to February 15, 2026.

Section 3161(h)(7)(B) of Title 18 sets forth several factors that can be considered in determining that the ends of justice outweigh the best interest of the public and defendant in a speedy trial. Specifically, subparagraph (ii) provides a basis where "the case is so unusual or so complex, due to . . . the nature of the prosecution . . . that it is unreasonable to expect adequate preparation . . . within the time limits established by this section." Similarly, subparagraph (iv) provides a basis even if the case is not unusual or complex, but is nevertheless a case in which the time limits would "deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation."

In this case, on November 23, 2023, law enforcement executed a federal search warrant at Defendant's residence in Pflugerville, Texas. During the execution of the search warrant, law enforcement located over 40 media devices that need to be thoroughly analyzed by the case agent, and computer forensics experts, including any that might be hired by the defense. Indeed, one of the devices seized contained 144 terabytes of capacity (this is where the majority of the relevant

evidence was located). One terabyte is one trillion bytes. In a more relatable sense, one terabyte is about 250 movies (500 hours of HD video), or the storage capacity of roughly 16 (64GB) iPhones. In other words, 144 terabytes is the equivalent of having to review 2,304 iPhones in total. Any case that involved the review of over 2,000 phones would be considered unusual and complex. The FBI has already conducted substantial review of the seized devices.

Moreover, law enforcement has submitted more than 100,000 Images to the National Center for Missing and Exploited Children to determine if said images are already known to NCMEC and thus have identifiable victims. The victim identification component is important, at a minimum, for purposes of potential restitution claims. Additionally, this case involves the use of sophisticated technology, including the use of the dark web.[1]

The Grand Jury indicted this matter on May 6, 2025. The United States has already produced 3,599 pages of discovery on May 23, 2025. Furthermore, the United States and defense counsel have already at least three times to facilitate the defense's review of the contraband evidence that can only be reviewed at the local FBI office, pursuant to 18 U.S.C. § 3509(m). Nevertheless, additional review sessions will be necessary. Furthermore, the defense has engaged the services of multiple experts, and produced two reports to the United States on August 26, 2025. The United States needs additional time to review these reports and possibly engage the services of experts to counter said reports.

Finally, undersigned counsel is lead counsel on a criminal matter in the District of South

---

1 "The terms 'dark web' and 'darknet' are often used to refer to a part of the Internet that consists of services and websites that cannot be accessed through standard web browsers; instead, specific software, configurations, or authorization is needed for access. While accessing the dark web is not illegal, dark web sites are often used to engage in illegal activities… such as trafficking drugs; firearms and weapons of mass destruction; child sexual abuse material; malware; and other illicit goods and services." *See* https://oig.justice.gov/sites/default/files/reports/21-014.pdf (last accessed June 5, 2025).

Carolina, *United States v. May*, 3:25-CR-778, that was recently set for jury trial on October 8, 2025, thus creating a conflict with the instant matter.

    Defendant's counsel is not opposed to this continuance.

                        Respectfully submitted,

                        MATTHEW R. GALEOTTI
                        ACTING ASSISTANT ATTORNEY GENERAL
                        CRIMINAL DIVISION
                        DEPARTMENT OF JUSTICE

                BY:    /s/ Austin M. Berry
                        AUSTIN M. BERRY
                        TRIAL ATTORNEY

## CERTIFICATE OF SERVICE

    I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to all attorneys of record.

                        /s/ Austin M. Berry
                        Austin M. Berry
                        Trial Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| Plaintiff. § | |
| § | |
| v. § | CRIMINAL NO. 1: 25-CR-00257 |
| § | |
| **JAMES CHRISTOPHER HOYT,** § | |
| Defendant. § | |

## ORDER

BEFORE THE COURT is the United States' Motion For Continuance of the jury trial set in the above captioned cause. The Court having considered the Motion finds that the Motion should be GRANTED, and the jury selection and jury trial is hereby re-scheduled to the ___ day of February, 2026, at _____ a.m.

Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv), the Court finds that the nature of the prosecution is unusual and complex in that this case involves a significant amount of data that have not been completely analyzed by law enforcement, nor has the defense had sufficient opportunity to review a vast portion of the evidence or decide whether an expert should be appointed to assist in the defense. Thus, neither side has had a reasonable opportunity for effective preparation given the unusually voluminous nature of the images and other discovery in this case.

Therefore, the Court finds that the interests of justice outweigh the interests of the Defendant and of the public in a speedy trial, and that the period of time from _____, through _____, is excludable time within the meaning of the Speedy Trial Act, 18 U.S.C. § 3161, et seq.

SIGNED on this _____ day of _____, 2025.

                                                                                   _____
                                                                                    UNITED STATES DISTRICT JUDGE