IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 1:25-CR-257 |
| | § | |
| JAMES CHRISTOPHER HOYT, | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant's Motion for Release Pending Trial Pursuant to 18 U.S.C. § 3145(b)(and in the Alternative, Release Under 18 U.S.C. § 3142(i) (Dkt. 30) and the Government's Opposition to Defendant's Motion for Release Pending Trial (Dkt. 32).[1] On October 1, 2025, a hearing was held on Defendant's motion. After considering the Motion, the Government's Response, the evidence and argument of counsel presented during the hearing and the entire docket, the Court enters the following order.

### I. BACKGROUND

The Defendant was arrested on April 29, 2025 in conjunction with a criminal complaint that charged the Defendant with the Distribution of Material Involving the Sexual Exploitation of Minors in violation Title 18, United States Code § 2252(a)(2). Dkt. 1. The Defendant was ordered temporarily detained until a May 2, 2025 hearing could be held on the Government's Motion to Detain. Dkt. 3. On April 30, 2025, the Government filed a motion to continue the detention hearing

---

[1] The Motion was referred by United States District Judge Alan D Albright to the undersigned for a Report and Recommendation as to the merits or for disposition, as appropriate, pursuant to 28 U.S.C. § 636(b), Rule 59 of the Federal Rules of Criminal Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Magistrate Referral Order, dated February 27, 2025.

citing previously schedule travel plans that interfered with that date. Dkt. 6. Importantly, the Government's motion to continue noted "Defendant's attorney, David M. Thomas, does <u>not</u> consent to a continuance." *Id.* at 1. Based largely on defense counsel's insistence that a detention hearing be held within three days of the Defendant's initial arrest, the Government's motion to continue was denied by court order. Dkt. 8.

On May 2, 2025, a hearing was held on the Government's motion to detain the Defendant at the conclusion of which the Defendant was ordered detained. Dkt. 11. The court's short written order of detention noted:

> My decision is based upon the following factors: the nature of the charges described in the Criminal Complaint, namely Distribution of Material Involving the Sexual Exploitation of Minors in violation of Title 18, United States Code § 2252(a)(2); the significant statutory and guideline penalties associated with any potential future conviction on these charges and the weight of the evidence against the defendant. The most compelling justification for the continued detention of the defendant is the combination of his prior criminal conduct with the vast collection of child pornography and his continued online involvement in the distribution of child pornography with others. The Defendant's enormous financial resources coupled with his age and the likely long penitentiary sentence gives the Defendant both the ability and motivation to flee the jurisdiction. In addition, detention of the defendant is also warranted for the reasons set forth in the pretrial services report (pages 4-5) as factors related to the defendant's risk of nonappearance and danger.

*Id*. at 2.

On May 6, 2025, the Defendant was indicted, in two separate counts, for Distribution and Possession of Material Involving the Sexual Exploitation of Minors and violation for Title 18 U.S.C. § 2252(a)(2) and § 2252(a)(4)(B), respectively. Dkt. 14. The District Court entered a scheduling order setting trial for July 14, 2025. Defendant has since filed two motions for continuance. Dkt. 24, 27. Trial is currently set for January 26, 2025.

## II.   DEFENDANT'S MOTION FOR RELEASE

The Motion states the "defense now proposes conditions that directly and verifiably neutralize those risks[2] and – crticially- presents new medical evidence that makes continued detention no longer the least restrictive means to ensure appearance and safety." Dkt. 30 at 1. The Motion proposes that the Defendant be released subject to several conditions, the most important of which is that he reside in a residential treatment facility in Argyle, Texas with periodic sealed medical status reports, including proof of CTs/labs and oncology visit summaries. Id. The Motion includes a number of medically related exhibits suggesting that the Defendant has, and continues to suffer, from cancer.

A hearing was held on October 1, 2025. The court heard testimony from Dr. Kimberly Harrison. See Dkt. 30-1 at 25-27. Dr. Harrison confirmed the Defendant's diagnosis as pedophilic disorder and opined on the suitability of the Sante Center in Argyle, Texas to treat the Defendant's condition. The court also heard testimony from Deputy United States Marshal Raymond Bayne. DUSM Bayne is a USMS's Detention Management Investigator. DUSM Bayne testified about the USMS efforts to address the Defendant's physical condition.

## III.   LEGAL STANDARD

While the caption of the Motion cites both 18 U.S.C. §3145(b) and in the alternative 18 U.S.C. § 3142(i) as a basis for release, both are inapposite. As set out in §3145, the Defendant had the right to appeal or ask this court to reconsider its initial decision but failed to do so in a timely manner. Meanwhile, §3142(i) has no application as this section merely describes the appropriate contents of a detention order.

---

[2] The Motion asserts that the court ordered detention "focusing on alleged internet access risks and monitoring feasibility." Dkt. 30 at 1. To be clear, the order of detention cited both a substantial risk of nonappearance and the threat and danger the defendant represented to the community.

The Defendant clearly knows these sections have no relevance because the body of the Motion correctly cites "new material medical developments that were not before the court." Dkt. 30. This is critical because, having participated in the earlier detention hearing, Defendant is not entitled to a second detention hearing. Instead, "[t]he hearing may be reopened … if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(f)(2). *United States. v. Stanford*, 341 Fed.Appx. 979, 984 5th Cir. 2009("It cannot therefore be said that [the witnesses'] testimony was newly discovered or previously unavailable.")); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Mungia*, 2020 WL 1471741 at 3-4 (N.D. Texas 2020).

**IV.    ANALYSIS**

The defense spent the majority of the October 1st hearing on testimony and argument related to the treatment of the Defendant's pedophilic disorder. None of what was presented in this regard constitutes new evidence. Certainly, Doctors' Harrison and Burrows reports were prepared after the May 2, 2025 detention hearing. Yet the information provided by the doctors is not new. The Defendant's disorder has been known since his 2006 criminal conviction in Utah for his involvement with an underage male. Furthermore, the Defendant self-admits to over five years of therapy for his condition before the search warrant was executed on the Defendant's residence on November 9, 2023. Moreover, the defense made the tactical decision to move forward with the May 2, 2025 detention hearing without having first obtained the doctors' reports or investigating the viability and availability of the Sante Center. At the time of the original detention hearing, the defense suggested that the court employ GPS monitoring, home detention, his mother as a 3rd party

custodian and no contacts with minors. Suggesting that the court again consider these conditions during the October 1st hearing, is simply a request for a do-over. To be clear, all of these conditions were considered and rejected by the court on May 2, 2025 and do not constitute new evidence. Proposed placement in the Sante Center, while a new proposal, was a condition that was available for consideration on May 2nd. It was the defense's decision not to explore that option before holding the original detention hearing. To be fair, none of the mental health related reports or the availability of a 60-day treatment program alleviate this court's concerns related to flight and danger. A 60-day in-patient treatment program for pedophilic behavior isn't a cure for what ails the Defendant. The Defendant has actually acted upon his sexual addiction with underage males; has continued to collect and maintain a large quantity of child sexual abuse material despite therapy, and over the past 20 years has opted not to aggressively treat his condition despite having the resources to do so.

The more difficult issue centers on the results of an August 18, 2025 blood draw. Specifically, the Defendant's white blood cell count has risen while his platelet count has decreased. The fear is that the Defendant's lymphocytic leukemia, originally diagnosed in 2014, has returned. Other than this blood test, no definitive evidence has been presented that supports the proposition that the Defendant's cancer has returned and if so, what type of treatment protocol is required.[3] DUSM Bayne's testimony, coupled with this court's experience, support the proposition that the Defendant's condition can be addressed while the Defendant remains in custody. The court found Texan Oncology physician, Dr. Punit Chadha's, September 2, 2025

---

[3] During the May 2, 2025 detention hearing defense counsel represented that the Defendant was supposed to begin cancer treatment that very day. But for his arrest, the Defendant was supposedly going to begin chemotherapy that day. This representation was false. Dr. Chadha's report makes no mention of such treatment plans at Texas Oncology. Moreover, defense counsel conceded the representation was made in error based on information he had received from Defendant's family.

report to be particularly persuasive. Dr. Chadha's impression and plan noted the Defendant's past condition; that he was currently fit; that the Defendant was taking oral medications to treat his condition; and that he should return to the clinic after having more blood tests and CT scans. Dkt. 30-1 at 7. All of which DUSM Bayne testified have taken place.

The burden is on the Defendant to produce new evidence that calls into question this court's May 2, 2025 determination that the Defendant should remain in custody. The Defendant has not met that burden. Moreover, any new evidence or argument offered does not alleviate this court's earlier concerns related to flight risk and danger.

## V.   CONCLUSION

Defendant's Motion for Release Pending Trial Pursuant to 18 U.S.C. § 3145(b)(and in the Alternative, Release Under 18 U.S.C. § 3142(i)) (Dkt. 30) is **DENIED**.

SIGNED October 1, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE