UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | 1:25-cr-00257 |
| Plaintiff | § | |
| | § | |
| v. | § | |
| JAMES CHRISTOPHER HOYT | § | |
| Defendant | § | |

## DEFENDANT'S MOTION TO RECONSIDER (OR, IN THE ALTERNATIVE, TO VACATE OR AMEND) PRELIMINARY ORDER OF FORFEITURE AS TO REAL PROPERTY AND REQUEST FOR RULE 32.2(b)(1)(B) FORFEITURE HEARING

### TO THE HONORABLE ALAN D. ALBRIGHT, UNITED STATES DISTRICT JUDGE:

Defendant James Christopher Hoyt ("Mr. Hoyt"), by and through undersigned counsel, files this Motion to Reconsider (or, in the alternative, to Vacate or Amend) the Preliminary Order of Forfeiture (Doc. 50-2) insofar as it forfeits the real property located at 803 East Oxford Drive, Pflugerville, Travis County, Texas 78660 (the "Subject Real Property"). The Plea Agreement expressly excised the Subject Real Property from any consent forfeiture and preserved a contested forfeiture determination by opposed motion after entry of the guilty plea. Yet the Preliminary Order finds a nexus to the Subject Real Property by virtue of the Plea Agreement itself and the Factual Basis, and then decrees that the Subject Real Property "hereby [is] FORFEITED to the United States of America."

Reconsideration is warranted to enforce the parties' bargain and to ensure compliance with Fed. R. Crim. P. 32.2(b) in a contested forfeiture posture. Mr. Hoyt respectfully requests that the Court vacate the forfeiture determination as to the Subject Real Property (or amend the

Page 1 of 8

Preliminary Order to exclude the Subject Real Property), and set this matter for a Rule 32.2(b)(1)(B) forfeiture hearing to adjudicate the Government's asserted facilitation theory under 18 U.S.C. § 2253(a)(3).

## I.
## RELEVANT BACKGROUND

Mr. Hoyt entered a guilty plea pursuant to a written Plea Agreement (Doc. 43) on November 6, 2025. The Indictment and Bill of Particulars included forfeiture notice under 18 U.S.C. §§ 2253(a)(2) and (3), including notice as to the Subject Real Property and various items of personal property.

As part of the guilty plea, Mr. Hoyt agreed to immediately and voluntarily forfeit the listed personal property, but did not consent to forfeit his right, title, and interest in the Subject Real Property. The Plea Agreement's forfeiture carveout regarding the Subject Real Property states:

> The Defendant does not consent to the forfeiture of the real property located and situated at 803 East Oxford Drive, Pflugerville, Travis County, Texas 78660, with all buildings, appurtenances, and improvements thereon and any and all surface and sub- surface rights, title, and interests, if any, and more fully described as follows: Lot 10, Block E, CAMBRIDGE ESTATES SECTION ONE, according to the map or plat thereof, recorded in Volume 100, Page 77, Plat Records, Travis County, Texas. The Government will file an opposed motion to forfeit the real property after the guilty plea is entered." (Doc. 43).

On February 9, 2026, the United States filed its Motion for Preliminary Order of Forfeiture (Doc. 50), asserting that forfeiture of the Subject Real Property is mandated under 18 U.S.C. § 2253(a)(3) because it was "used ... to commit or to promote the commission" of the offense and alleging that Mr. Hoyt accessed and posted child

sexual abuse material from within the Subject Real Property and used computers "in his residence … to post" such material.

The United States' Appendix A "Direct Notice" likewise treats the Subject Real Property as already condemned and forfeited and advises third parties that petitions must be filed within 30 days of final publication or receipt of notice.

The Court's Preliminary Order of Forfeiture (Doc. 50-2) states that the Court "finds that the United States has established by a preponderance of the evidence a nexus between the property described below and the violation … by virtue of [Mr. Hoyt's] Plea Agreement (Doc. 43) and the Factual Basis (Doc. 44)," and then decrees that the Subject Real Property and personal property "hereby are FORFEITED to the United States of America."

Mr. Hoyt files this motion to ensure the Subject Real Property forfeiture proceeds in the manner the parties agreed—by an opposed motion and contested adjudication—rather than by treating the plea agreement itself as the nexus stipulation for a piece of property Mr. Hoyt expressly did not consent to forfeit.

## II.
## STANDARD FOR RECONSIDERATION

The Court retains inherent authority to reconsider and revise its interlocutory orders prior to final judgment. The Order at issue is expressly "preliminary," and it contemplates that the forfeiture will be included later in the Judgment in a Criminal Case at sentencing.

Reconsideration is appropriate to correct clear error, prevent manifest injustice, and ensure the forfeiture ruling conforms to Rule 32.2 and the parties' plea agreement.

### III.
### ARGUMENT

The Plea Agreement expressly excised the Subject Real Property from any consent forfeiture; the Preliminary Order's reliance on the Plea Agreement to establish nexus is inconsistent with the parties' bargain.

The parties specifically negotiated and memorialized that Mr. Hoyt "does not consent" to forfeiture of the Subject Real Property and that the Government "will file an opposed motion" after the guilty plea is entered. That is a clear reservation of rights to contest forfeiture of the house.

Nevertheless, the Preliminary Order finds the required nexus by virtue of the Plea Agreement and the Factual Basis. To the extent the Court's forfeiture determination treats the Plea Agreement as the stipulation establishing the nexus for the Subject Real Property, it contradicts the Plea Agreement's explicit non-consent provision and nullifies the promised procedure: litigation of the Subject Real Property forfeiture via an opposed motion.

Basic principles governing plea agreements require enforcement of the agreement's material terms. Here, the operative term is that forfeiture of the Subject Real Property was not consented to and was to be litigated as a contested matter after the plea. Reconsideration is necessary to provide the agreed-for process and to avoid converting a negotiated non-consent carveout into a de facto stipulation.

Because forfeiture of the Subject Real Property was disputed by agreement, Rule 32.2(b) required a contested forfeiture determination— including a hearing if necessary— before entering operative forfeiture language divesting Mr. Hoyt's interest. Rule 32.2(b) requires the Court to determine whether the Government has established the requisite nexus between the

property and the offense. Where forfeiture is contested and disputed factual issues exist, Rule 32.2(b)(1)(B) provides for a hearing upon request.

The Government's own motion acknowledges the contested posture: "He did not consent to forfeit his right, title, and interest in the Subject Real Property." The Plea Agreement likewise states the Government's motion would be "opposed." Under that framework, the Court should not enter a decree that the Subject Real Property "hereby [is] FORFEITED" without adjudicating the contested issue on an appropriate record.

Here, the Government's theory is a facilitation/promote theory under 18 U.S.C. § 2253(a)(3): that the residence provided privacy and was "used ... to commit or to promote" the offense. The Government relies heavily on cases finding facilitation when the residence was used to access and distribute illicit material.

Mr. Hoyt respectfully submits that, given the parties' agreed non-consent and the significant consequence of forfeiting a home, the Court should resolve the nexus question through the contested procedure promised in the Plea Agreement, including a Rule 32.2(b)(1)(B) hearing as necessary. The Court should stay any disposition steps and clarify that no "clear title" should vest pending reconsideration and adjudication of the contested forfeiture of the Subject Real Property.

The Government's Appendix A notice warns third parties that failure to file a petition within the prescribed time will result in their interests being "lost and forfeited" and that the United States will have "clear title" to dispose of the property.

The Preliminary Order directs publication for at least 30 consecutive days on forfeiture.gov and direct notice to potential petitioners.

Because Mr. Hoyt challenges the propriety of forfeiting the Subject Real Property at this stage and seeks enforcement of the Plea Agreement's contested-forfeiture procedure, the Court should stay any sale/transfer/disposal of the Subject Real Property and pause any steps that could moot meaningful relief, pending resolution of this motion and any Rule 32.2(b)(1)(B) hearing.

**IV.**
**REQUEST FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Mr. Hoyt respectfully requests that the Court:

1. GRANT this Motion to Reconsider (or, in the alternative, Vacate or Amend) the Preliminary Order of Forfeiture (Doc. 50-2) as to the Subject Real Property located at 803 East Oxford Drive, Pflugerville, Travis County, Texas 78660 (Lot 10, Block E, Cambridge Estates Section One, Plat Records Travis County, Volume 100, Page 77);

2. VACATE the forfeiture determination as to the Subject Real Property, or alternatively AMEND the Preliminary Order to exclude the Subject Real Property pending contested adjudication;

3. SET a Fed. R. Crim. P. 32.2(b)(1)(B) forfeiture hearing to adjudicate whether the Subject Real Property is forfeitable under 18 U.S.C. § 2253(a)(3) on the Government's asserted "used to commit or promote" theory; and

4. STAY any sale, transfer, disposal, or other disposition of the Subject Real Property, and any steps that would render the requested relief ineffectual, pending resolution of this motion and any forfeiture hearing; and

5. GRANT all such further relief to which Mr. Hoyt may be justly entitled.

Respectfully submitted,

/s/ David M. Thomas

David M. Thomas, J.D.
Attorney for James Christopher Hoyt
816 Congress Avenue Suite 950
Austin, Texas, 78701
Telephone: 512-599-9000
Fax: 512-236-5459
Email: David@DWIman.com


/s/ Jeff Senter
Jeff Senter, J.D.
Attorney for James Christopher Hoyt
501 Congress Suite 150
Austin, Texas, 78701
Telephone: 512-482-8112
Fax: 512-482-0076
Email: Jeff@JeffSetnerPC.com


## CERTIFICATE OF CONFERENCE

On Friday, February 27, 2026, undersigned counsel conferred with AUSA Mark Tindall regarding the relief requested herein. The Government takes no position.


/s/ David M. Thomas

David M. Thomas, J.D.
Attorney for James Christopher Hoyt
816 Congress Avenue Suite 950
Austin, Texas, 78701
Telephone: 512-599-9000
Fax: 512-236-5459
Email: David@DWIman.com


/s/ Jeff Senter
Jeff Senter, J.D.

Attorney for James Christopher Hoyt
501 Congress Suite 150
Austin, Texas, 78701
Telephone: 512-482-8112
Fax: 512-482-0076
Email: Jeff@JeffSetnerPC.com

## CERTIFICATE OF SERVICE

I certify that on Monday, March 2, 2026, the aforementioned motion was filed with the Clerk using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ David M. Thomas

David M. Thomas, J.D.
Attorney for James Christopher Hoyt
816 Congress Avenue Suite 950
Austin, Texas, 78701
Telephone: 512-599-9000
Fax: 512-236-5459
Email: David@DWIman.com


/s/ Jeff Senter
Jeff Senter, J.D.
Attorney for James Christopher Hoyt
501 Congress Suite 150
Austin, Texas, 78701
Telephone: 512-482-8112
Fax: 512-482-0076
Email: Jeff@JeffSetnerPC.com