# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **United States of America,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:25-cr-00257-ADA-SH** |
| | § | |
| **James Christopher Hoyt,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

Now before the Court is the United States of America's Motion for Preliminary Order of Forfeiture, filed February 9, 2026 (Dkt. 50).[1] The Court held a contested forfeiture hearing on May 29, 2026, at which Defendant, his attorney, and counsel for the United States Government appeared.

## I.     Procedural Background

Defendant James Christopher Hoyt pled guilty pursuant to a plea agreement to one count of Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2)(A) and (b)(1). Dkt. 46. The District Court accepted his plea, and his sentencing is set for June 18, 2026. Dkts. 48, 64.

As part of his plea agreement, Defendant agreed to forfeit 53 items of personal property. Dkt. 43 (sealed) at 4-6. He did not consent to forfeiture of his residence in Pflugerville, Texas ("Subject Real Property").[2] *Id.* at 4-5 n.1. The Government filed a motion for preliminary order of forfeiture. Dkt. 50.

---

[1] The District Court referred to this Magistrate Judge all nondispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges.

[2] Real Property located and situated at 803 East Oxford Drive, Pflugerville, Travis County, Texas 78660, with all buildings, appurtances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and more fully described as follows: Lot 10, Block E, CAMBRIDGE ESTATES

The District Court ordered that the Subject Real Property was forfeited to the United States of America, then granted Defendant's motion for reconsideration, vacated the order as to the residence, and ordered the matter set for a forfeiture hearing. Dkts. 53, 58.

Defendant filed a brief opposing forfeiture of the Subject Real Property after the hearing. Dkt. 67. He contends that the Government has not shown the required nexus between the Subject Real Property and his offense, and that its forfeiture would be an unconstitutional excessive fine.

Having carefully considered the parties' briefs, the evidence and arguments presented at the forfeiture hearing, and the applicable law, this Magistrate Judge recommends that the District Court deny the Government's motion for forfeiture as to the Subject Real Property.

## II.     Use to Commit the Offense

Rule 32.2 governs criminal forfeiture. It provides that after a guilty plea is accepted in an indictment seeking criminal forfeiture, "the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." FED. R. CRIM. P. 32.2(b)(1)(A).

The applicable criminal forfeiture statute is 18 U.S.C. § 2253, which provides that a person convicted of an offense under § 2252 "shall forfeit to the United States such person's interest in— any property, real or personal, used or intended to be used to commit or to promote the commission of such offense." 18  U.S.C. § 2253(a)(3). "These terms are to be liberally construed to effectuate the remedial purposes of forfeiture." *Matter of Search of One Address in Washington, D.C. under Rule 41*, 512 F. Supp. 3d 23, 28 (D.D.C. 2021) (cleaned up). A forfeiture judgment must be supported by a preponderance of the evidence. *U.S. v. Sanders*, 952 F.3d 263, 285 (5th Cir. 2020).

---

SECTION ONE, according to the map or plat thereof, recorded in Volume 100, Page 77, Plat Records, Travis County, Texas. *E.g.*, Dkt. 50-1 at 1.

In the Factual Basis for his crime of Distribution of Child Pornography, Defendant admits that he "utilized computers in his residence at 803 Oxford Drive, Pflugerville, Texas to post images of child sexual abuse material to TOR[3] websites." Dkt. 44 ¶ 14. Special Agent Brandy Horton testified at the forfeiture hearing that law enforcement officers found "close to 200,000 image of suspected child pornography" on a "massive" external hard drive when they executed a search warrant at Defendant's residence on November 9, 2023.

The Government cites persuasive authority supporting its argument that courts "routinely forfeit residences that offer privacy to allow defendants to access and post child sexual abuse material." Dkt. 50 at 4. Courts ordering or affirming forfeiture when the defendant used a computer in his residence to possess or distribute child pornography include, e.g., *United States v. Hull*, 606 F.3d 524, 528 (8th Cir. 2010); *United States v. Batey*, No. 25-CR-00266-SEH, 2026 WL 1032029, at *4 (N.D. Okla. Apr. 16, 2026); *United States v. Chase*, 250 F. Supp. 3d 1 (W.D.N.C. 2017), *aff'd*, 757 F. App'x 273 (4th Cir. 2019) (mem.); and *United States v. Wilk*, No. 04-60216-CR, 2007 WL 2263942, at *1 (S.D. Fla. Aug. 6, 2007). Counsel for both parties represented at the hearing that they were unaware of any contrary authority.

This Magistrate Judge finds that the Government has shown by a preponderance of the evidence that Defendant used the Subject Real Property to commit the offense of Distribution of Child Pornography, and that there is a sufficient nexus between Defendant's residence and the offense to warrant forfeiture.

### III.    Excessive Fines Clause

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. Defendant may be

---

[3] The Government explains: "TOR, also known as The Onion Routing project, layers encryption to allow users to access the Internet with greater anonymity. Defendants who seek child sexual abuse material often use TOR to conceal their identities." Dkt. 50 at 4 n.1.

fined not more than $250,000 for his offense under 18 U.S.C. § 3571(b)(3), the default felony provision. "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). A punitive forfeiture violates the Eighth Amendment "if it is grossly disproportional to the gravity of a defendant's offense." *Id.*

Defendant contends that he owns his residence free and clear and values this unencumbered primary residence "around $650,000." Dkt. 67 at 2. He argues that it would be grossly disproportional to forfeit his residence with a value more than twice the statutory maximum fine.

In *United States v. Wallace*, 389 F.3d 483, 485-86 (5th Cir. 2004), the Fifth Circuit identified four factors relevant to determining whether forfeiture is "grossly disproportional." They are:

1. The essence of the offense and its relation to other criminal activity;

2. Whether the defendant falls in the class targeted by the statute;

3. The maximum authorized sentence, including the fine that could have been imposed; and

4. The nature of the harm resulting from the defendant's conduct.

*U.S. v. Suarez*, 966 F.3d 376, 385 (5th Cir. 2020). If the value of the forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional. *Wallace*, 389 F.3d at 486.

All factors except the third favor a finding that forfeiture of the Subject Real Property would not violate the Excessive Fines Clause. Defendant falls in the class targeted by the statute, and the essence of the offense and nature of the harm resulting from his conduct strongly support forfeiture. "Without question, crimes involving child sexual abuse material are serious crimes that result in significant harm. 'Child pornography harms and debases the most defenseless of our citizens.'" *Batey*, 2026 WL 1032029, at *3 (quoting *United States v. Williams*, 553 U.S. 285, 307 (2008)).

4

The third factor, however, weighs against forfeiture of Defendant's residence. The parties identify no case in which the defendant's interest in real property forfeited for a child pornography offense exceeds the maximum $250,000 fine. On the facts presented, forfeiture of real property valued at more than twice the statutory maximum risks substituting the Court's judgment about appropriate punishment for Defendant's offense for the legislature's. *See Bajakajian*, 524 U.S. at 336 (stating that "judgments about the appropriate punishment for an offense belong in the first instance to the legislature").

This Magistrate Judge finds that Defendant has met his burden to show that forfeiture of his residence would constitute excessive punishment and recommends imposing the maximum fine of $250,000 instead.

### IV.    Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DENY** the United States of America's Motion for Preliminary Order of Forfeiture (Dkt. 50) as to Defendant's residence.

### V.    Warnings

The parties may file objections to this Report and Recommendation. **Both parties agreed during the forfeiture hearing to shorten the objection period to seven (7) days.** A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within **seven (7) days** after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to

proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on June 4, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE