**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO.   1:25-CR-257-ADA** |
| | § | |
| **JAMES CHRISTOPHER HOYT,** | § | |
| | § | |
| **Defendant.** | § | |

**UNITED STATES OF AMERICA'S**
**OBJECTION TO THE REPORT AND RECOMMENDATION**

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney and files this Objection to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C), and in support thereof states the following:

**I. Procedural History**

The Defendant, a repeat child predator, used his residence to amass a staggering collection of child sexual abuse material and distribute it on the dark web. The Defendant pled guilty to one count of distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2)(A) and (b)(1). On February 9, 2026, the United States filed a partially opposed motion for preliminary forfeiture. (Doc. 50.) In its motion, the United States sought personal property, which the Defendant agreed to forfeit in his plea agreement, and his residence at 803 East Oxford Drive, Pflugerville, Texas 78660, which the Defendant did not agree to forfeit. (Docs. 43, 50.) The District Court granted the United States motion as to all property. (Doc. 53.) The Defendant filed a motion to reconsider the forfeiture of the residence, which the District Court granted, and referred the motion to the Magistrate Judge for a hearing and Report and Recommendation. (Docs. 55, 58.) The Defendant did not file a written response to the merits of the United States' motion for forfeiture until after

the hearing on the motion. (Doc. 67.)

On June 4, 2026, the Magistrate Judge issued a Report and Recommendation to deny the United States' motion to forfeit the residence and instead recommended the District Court impose the maximum fine, $250,000. (Doc. 68.) The Report and Recommendation first properly found that the United States has "shown by a preponderance of the evidence that Defendant used the Subject Real Property to commit the offense of Distribution of Child Pornography, and that there is a sufficient nexus between Defendant's residence and the offense to warrant forfeiture facilitated the Defendant's crime and therefore the residence was subject to forfeiture." (Doc. 68 at 3.) During the hearing, the case agent testified that the Defendant possessed approximately 200,000 images of child pornography on electronic devices at his residence; he distributed child pornography from his residence on the TOR network and received badges and elevated statuses from his distribution; and the residence made his conduct harder for law enforcement to detect. Further, in the Defendant's factual basis, he admitted that he "utilized computers in his residence at 803 Oxford Drive, Pflugerville, Texas to post images of child sexual abuse material to TOR websites" and "made several posts discussing the use of different technology to avoid law enforcement detection." (Doc. 44.) These facts make clear that the residence facilitated his criminal conduct.

As the residence is subject to forfeiture, the Magistrate Judge next considered whether imposing forfeiture would violate the Eighth Amendment, which states that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII.

In this section, the Magistrate Judge analyzed the four factors the Fifth Circuit has articulated to determine whether a forfeiture is excessive, and found that "[a]ll factors except the third [the maximum authorized sentence, including the fine that could have been imposed] favor a finding that forfeiture of the Subject Real Property would not violate the Excessive Fines Clause."

Despite finding that three of the four factors favor forfeiture, the Magistrate Judge recommended the District Court to deny the United States motion to forfeit the residence as an excessive fine. The United States contests the Recommendation—specifically the analysis and improper weight placed upon the third factor. This factor—the maximum authorized sentence, including the fine that could have been imposed—favors forfeiture, and forfeiting the residence does not violate the Eighth Amendment. The residence is worth approximately twice the top of the guideline fine range, and multiple courts, including the Fifth Circuit, have upheld forfeiture under similar conditions.

## II. Eighth Amendment Analysis

***The Supreme Court and Fifth Circuit have provided guidance on whether a forfeiture violates the Eighth Amendment, and forfeiting the Defendant's residence would not violate it.***

The seminal Supreme Court case analyzing whether forfeiture would violate the Eighth Amendment is *United States v. Bajakajian*, 524 U.S. 321 (1998). Bajakajian pled guilty to failing to report that he was transporting more than $10,000 of U.S. currency outside of the United States. *Id.* at 325. The Government sought to forfeit the entire $357,144 he failed to declare, and the trial court held a bench trial on forfeiture. *Id.* The district court "found that the entire $357,144 was subject to forfeiture because it was 'involved in' the offense." *Id.* "The court also found that the funds were not connected to any other crime and that respondent was transporting the money to repay a lawful debt." *Id.* at 326. The district court "concluded that such forfeiture would be 'extraordinarily harsh' and 'grossly disproportionate to the offense in question,'" so the district court "instead ordered forfeiture of $15,000, in addition to a sentence of three years of probation and a fine of $5,000—the maximum fine under the Sentencing Guidelines[1]—because the court

---

[1] The Supreme Court decided *Bajakajian* before it decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000), so the sentencing guidelines were mandatory.

believed that the maximum Guidelines fine was 'too little' and that a $15,000 forfeiture would 'make up for what I think a reasonable fine should be.'" *Id.* The United States appealed the District Court, and the Ninth Circuit affirmed. *Id.*

The Supreme Court analyzed whether the Eighth Amendment prohibited forfeiture of the entire $357,144 by querying whether the forfeiture "is grossly disproportional to the gravity of a defendant's offense." *Id.* at 334. In finding that forfeiting the entire sum would violate the Eighth Amendment, the Court noted that the "crime was solely a reporting offense." *Id.* at 337. The defendant's failure to declare the currency "was unrelated to any other illegal activities. The money was the proceeds of legal activity and was to be used to repay a lawful debt." *Id.* at 338.

Notably, the defendant "does not fit into the class of persons for whom the statute was principally designed: He is not a money launderer, a drug trafficker, or a tax evader." *Id.* And "the maximum sentence that could have been imposed on respondent was six months, while the maximum fine was $5,000" and "[s]uch penalties confirm a minimal level of culpability." *Id.* at 338–39. The Court also found the harm minimal as his "[f]ailure to report his currency affected only one party, the Government, and in a relatively minor way. There was no fraud on the United States, and respondent caused no loss to the public fisc. Had his crime gone undetected, the Government would have been deprived only of the information that $357,144 had left the country." *Id.* at 339.

Considering these factors, including that the forfeiture would be "many orders of magnitude" beyond the maximum fine, the Court found the forfeiture "grossly disproportional to the gravity of his offense." *Id.* at 339–40. Therefore, the Court affirmed the lower courts and limited the forfeiture to $15,000 and a $5,000 fine.

It is the defendant's burden to demonstrate that forfeiture would violate the Eighth Amendment. *see Bajakajian,* 524 U.S. at 348 (Kennedy, J., dissenting) ("[a] defendant must prove

a gross disproportion"); *United States v. Sanders*, 107 F.4th 223, 232 (4th Circ. 2024) (rejecting the defendant's argument that forfeiting property that facilitated child exploitation crimes violated the Eighth Amendment and noting that "the party challenging the constitutionality of the forfeiture under the Eighth Amendment must carry the burden of demonstrating gross disproportionality").

The Fifth Circuit has applied *Bajakajian* and promulgated four factors to determine whether a forfeiture is grossly disproportional. "In making the proportionality determination, we consider: '(a) the essence of the defendant's crime and its relationship to other criminal activity; (b) whether the defendant was within the class of people for whom the statute of conviction was principally designed; (c) the maximum sentence, including the fine that could have been imposed; and (d) the nature of the harm resulting from the defendant's conduct.'" *United States v. Suarez*, 966 F.3d 376, 385 (5th Cir. 2020).

***The Report and Recommendation erroneously applied the third factor and determined forfeiture would violate the Eighth Amendment.***

While the Magistrate Judge found that three of the four factors supported forfeiture, it focused on the third factor—the maximum authorized sentence, including the fine that could have been imposed—compared the value of the residence to the maximum fine, and found that forfeiture would violate the Eighth Amendment. However, this result contradicts the result in *Bajakajian*, and therefore this Court should not adopt the Report and Recommendation and instead order the forfeiture of the residence.

First, while the Defendant contends that the residence is worth "around $650,000," (doc. 68 at 4), the Travis County Appraisal District appraised the property at $497,097 for 2026 property tax purposes. Exhibit A. However, even if the house is worth "around $650,000," forfeiting it is not "grossly disproportionate to the offense in question." This analysis reduces the multifactor analysis into a simple arithmetic problem and elevates one factor into the de facto only factor.

While there is a "strong presumption" that if the value of the forfeited property is within the range of fines prescribed by Congress, then it is constitutional, *United States v. Wallace*, 389 F.3d 483, 486 (5th Cir. 2004), there is no presumption that if the value of the forfeited property exceeds the statutory maximum fine, then it is unconstitutional. To do so would make the three other factors superfluous. Courts would merely compare the value of the property to the maximum fine, and absent extraordinary circumstances, that would determine whether the forfeiture violates the Eighth Amendment.

Further, under this simplified reasoning, the Supreme Court would have reached a different result in *Bajakajian*. There, the Court allowed a $15,000 forfeiture on top of the maximum $5,000 fine. The Court held that forfeiting property valued at three times the maximum fine is constitutional as it is not "many orders of magnitude" more than the maximum fine. This is even more apparent when applying the four factors, as Bajakajian did not meet any of the factors later promulgated by the Fifth Circuit. It was not a serious crime, as demonstrated by the six-month maximum sentence and $5,000 maximum fine. He was not within the class of people for whom the statute of conviction was principally designed. And the harm stemming from the conduct only minimally affected the only victim, the government. Despite these factors, the Supreme Court did not limit forfeiture to the $5,000 fine. It upheld forfeiture of three times the maximum fine in addition to the maximum fine.

In this case, the Defendant committed a much more serious offense, and he is within the class of people for whom the statute was designed. Unlike Bajakajian's offense, the Defendant faces a maximum prison sentence of twenty years and a $250,000 fine. His guideline range is between 135–168 months, and his fine guideline range is $35,000 to $250,000. Merely comparing the maximum fine with the value of the residence, and without any factfinding as to the value of the residence, the Report and Recommendation reduces the analysis to the second clause of the

third factor: the maximum authorized sentence, including the fine that could have been imposed.

The Defendant cannot meet his burden that forfeiting his residence violates the Eighth Amendment as it is not grossly disproportionate to the gravity of his offense. He was unable to provide any case where forfeiting a defendant's house because it facilitated distributing child pornography was excessive. However, the United States offered multiple cases upholding real property forfeitures against Eighth Amendment challenges: *United States v. Hull*, 606 F.3d 524 (8th Cir. 2010), *United States v. Ownby,* 926 F. Supp 558, 566 (W.D. Va. 1996), *United States v. Wilk*, No. 04-60216-CR, 2007 WL 2263942 (S.D. Fl. Aug. 6, 2007), *United States v. 7046 Park Vista Road*, 537 F. Supp. 2d 929 (S.D. Ohio 2008), and *United States v. 1181 Waldorf Drive*, 900 F. Supp. 1167 (E.D. Mo. 1997).

As the Report and Recommendation notes, the value of these properties did not exceed the maximum statutory fine. However, it is the Defendant's burden[2] to demonstrate that the forfeiture would violate the Eighth Amendment, and he has failed to cite a single case where forfeiting real property used to facilitate the distribution of child pornography violated the Eighth Amendment. If courts only forfeit less valuable residences for facilitating child exploitation crimes, wealthier defendants' homes receive protection unavailable to poorer defendants.

As this Court is aware, it is not uncommon for defendants of child exploitation crimes to be classified as indigent, and therefore the dearth of caselaw on this topic is unsurprising. But, looking outside the context of child exploitation cases, multiple courts have ordered or upheld the forfeiture valued at double or more than the permissible fine. "After careful consideration, this Court rules that forfeiture of assets valued up to approximately ten times the maximum guidelines fine, and probably a bit more, is within the limit of constitutional proportionality in the

---

[2] The Report and Recommendation notes that the Defendant bears the burden but then reasoned that "*the parties identify no case in which the defendant's interest in real property for a child pornography offense exceeds the maximum $250,000 fine.*" (Doc. 68 at 5) (emphasis added).

circumstances of this case." *United States v. Rafael*, 282 F. Supp. 3d 407, 413 (D. Mass. 2017) (upholding forfeiture for false labeling and identification of fish in violation of the Lacey Act). In support, the Massachusetts district court cited several other cases upholding forfeiture that exceeded the applicable fines:

- *United States v. Mackby*, 339 F.3d 1013, 1016–19 (9th Cir. 2003), which found a civil penalty ten times the maximum guidelines for violating the False Claims Act not unconstitutional;

- *United States v. Finazzo*, 850 F.3d 94, 112 (2d Cir. 2017), which held that forfeiture ten times the maximum fine under the guidelines is not excessive where other indicia established the seriousness of the kickback offense that violated mail fraud, wire fraud, and the Travel Act;

- *United States v. Castello*, 611 F.3d 116, 123 (2d Cir. 2010), which held that forfeiture of more than forty times the maximum fine under the guidelines for failing to file Currency Transaction Reports in the defendant's cash-checking business is constitutional; and

- *United States v. Riedl*, 82 F. App'x 538, 540 (9th Cir. 2003), which found that forfeiture twelve times the prescribed guidelines fine for drug and money laundering violations is not unconstitutional.

Beyond the cases cited by *Rafael*, many other cases have upheld forfeiture in similar circumstances:

- *United States v. Cheeseman,* 600 F.3d 270, 284 (3d Cir. 2010) (holding that even though firearms and ammunition worth approximately $500,000 exceeded the $250,000 statutory maximum fine for a 18 U.S.C. § 922(g)(3) violation—"any discrepancy between the value of the firearms and the Guideline fine is not controlling and therefore does not serve as the basis for finding an Excessive Fines Clause violation");

- *United States v. Chaplin's, Inc.*, 646 F.3d 846, 854–55 (11th Cir. 2011) (explaining that forfeiture for money laundering and currency reporting offenses above either the statutory maximum fine or the Guideline range are not presumptively invalid and holding that although the forfeiture amount of $1,999,262 exceeded both the statutory maximum and the high-end of the Sentencing Guidelines fine range, the extra $499,262 above the statutory maximum, a 33.3% increase, and $699,262 above the Guidelines fine, a 63.8% increase, fell below the relative differences approved of in other cases.);

- *United States v. Jose,* 499 F.3d 105, 112–133 (1st Cir. 2007) (approving a $114,948 forfeiture related to currency reporting violations and false statements where the maximum Guidelines fine was $30,000);

- *United States v. Holland*, 722 F. App'x 919, 930 (11th Cir. 2018) (holding that even though the defendant's total fine for wire fraud exceeded the statutory maximum for his offense by 431% did not render it "grossly disproportionate" and was constitutional); and

- *United States v. Dennis*, 41 F.4th 732, 746 (5th Cir. 2022) (holding that a forfeiture amount of approximately one and a half ties the maximum guidelines and statutory range of $5 million for conspiracy to distribute marijuana was not grossly disproportional);

While Congress may have set a maximum fine of $250,000 for the Defendant's violation, it has also authorized forfeiture as an additional punishment, which suggests that it "does not consider a punishment somewhat above the statutory fine range to be excessive." *United States v. 817 N.E. 29th Drive,* 175 F.3d 1304, 1309 n.9 (11th Cir. 1999). Considering the Defendant's conduct and offense with a guideline fine range between $35,000 to $250,000, these cases support forfeiture of his residence as the value of his home is approximately two times the guideline range.

Notably, in addition to *Dennis*, the Fifth Circuit considered whether forfeiture that exceeds the applicable fine violates the Eighth Amendment in *United States v. Wallace*, 389 F.3d 483, 484

(5th Cir. 2004). The defendant was convicted of operating an unregistered aircraft and ordered to forfeit the aircraft. The defendant contended at sentencing that the airplane was worth $53,000, and in his appellate brief, he used a $30,000 valuation. *Id.* n.4. The maximum fine was $250,000, but the Fifth Circuit also considered the previous statute's maximum fine of $15,000. *Id.* at 486. "Even if the original $15,000 statutory maximum fine under the predecessor statute is used for guidance, however, forfeiture of Wallace's airplane is not grossly disproportionate. The $30,000 value of the airplane differs from this maximum by only a factor of two." *Id.* And the Fifth Circuit wrote that "[e]ven if the airplane is valued at $53,000, our conclusion that the forfeiture is not prohibited by the Excessive Fines Clause remains the same." Applying the principles gleaned from the above listed cases, considering the harm of the offense, the Defendant's conduct, and a guideline fine range between $35,000 to $250,000, these cases support forfeiture of the Defendant's residence.

The Court should consider each factor and the Supreme Court's decision in *Bajakajian* to find that forfeiture would not violate the Eighth Amendment. The facts in *Bajakajian* fail to satisfy any of the four factors, and the Supreme Court still permitted the forfeiture of three times the maximum fine and an additional maximum fine. The nature of the crime, the maximum sentence and guideline range, and the harm caused by the Defendant's conduct all warrant forfeiture. He should not avoid forfeiture because he is wealthier than the average defendant. Therefore, the Court should not adopt the Report and Recommendation, and it should grant the United States' motion to forfeit the residence.

WHEREFORE, PREMISES CONSIDERED, the United States of America moves this Honorable Court to reject the Report and Recommendation and enter a Preliminary Order of Forfeiture.

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

By:           /s/

MARK TINDALL
Assistant United States Attorney
Texas Bar #24071364
903 San Jacinto Blvd., Suite 334
Austin, Texas   78701
Tel: (512) 916-5858
Fax: (512) 916-5854
Email: mark.tindall@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 10, 2026, the foregoing instrument was electronically filed with the Clerk of the Court using the CM/DOC. System which will transmit notification of such filing to the following CM/DOC. participant:

David Michael Thomas
Email: david@dwiman.com
Daniel H. Wannamaker
Email: dhw@wannamakerlaw.com
Jeff Senter
Email: jeff@jeffsenterpc.com
*Attorney for Defendant James Christopher Hoyt*

/s/

Mark Tindall
Assistant United States Attorney

11

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO.   1:25-CR-257-ADA** |
| | § | |
| **JAMES CHRISTOPHER HOYT,** | § | |
| | § | |
| **Defendant.** | § | |

## PRELIMINARY ORDER OF FORFEITURE

Came on to be considered the United States of America's Motion for Preliminary Order of

Forfeiture, pursuant to the provisions of Title 21 U.S.C. §§ 853(n)(1)-(7), and Fed. R. Crim. P.

32.2(b)(2), 32.2(b)(2)(B), and 32.2(c)(1), and this Court being fully and wholly apprised in all its

premises, finds that the United States has established by a preponderance of the evidence a nexus

between the property described below and the violation of Title 18 U.S.C. § 2252(a)(2)(A) and

(b)(1) by virtue of Defendant JAMES CHRISTOPHER HOYT's Plea Agreement (Doc. 43) and

the Factual Basis (Doc. 44), and that the Defendant has an interest in said property. As such, said

Motion is meritorious, and hereby is in all things GRANTED.

IT IS THEREFORE ORDERED that all right, title, and interest of the Defendant in certain

property, namely:

**Real Property:**

Real Property located and situated at 803 East Oxford Drive, Pflugerville, Travis County, Texas 78660, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and more fully described as follows:

Lot 10, Block E, CAMBRIDGE ESTATES SECTION ONE, according to the map or plat thereof, recorded in Volume 100, Page 77, Plat Records, Travis County, Texas,

hereinafter referred to as the Subject Real Property, and

**Personal Property:**

1. Lexas USB thumb drive "silver Samsung"
2. Mac Studio, model A2615, SN: J3M9YNVJKV;
3. USB thumb drive – Anatel Brand, SN: 036723114498;
4. ASUS laptop, SN: Man0CV22661643C;
5. Purple & white thumb drive Samsung 5000 Team Group M.2 SSD, SN: 1F210122014;
6. QNAP, SN: Q205104636;
7. QNAP 12 bay NAS, SN: Q228107337X;
8. Samsung phone, IMEI: 35S134283844130;
9. Solid State Drive 4TB 23031673-060031l;
10. PNY USB thumb drive – "parted magic" 16GB;
11. USB thumb drive FMSLA05489;
12. 5000 series Ryzen USB thumb drive;
13. SSK external storage model SHE-C325 Pro;
14. Amazon Kindle, model 581N40;
15. Black iPhone;
16. Black ROC laptop;
17. Blue Dell laptop, SN: JVVY662;
18. IBM hard drive, SN: Z1Y0W9M8;
19. Purple thumb drive extreme pro 2.0 16GB;
20. Dell Inspiron Duo, SN: DV405Q1;
21. Dell Studio laptop, SN: 2KS17H1;
22. Black Crucial X8 4TB portable SSD, SN: 2250E6F03D88;
23. Suprim Geforce RTX computer;
24. Black PNY 16GB USB drive labeled "DAD";
25. Black/red USB drive;
26. Black Vankyo tablet, model Z4 Pro;
27. Google phone – white;
28. 64GB black USB thumb drive;
29. ADRUS SSD 2TB, SN: 20140895027;
30. Amazon Kindle Fire AR043KL;
31. Huion tablet with cable, SN: B4DB2SH01038;
32. Silver Samsung folding phone, IMEI: 352285144298743;
33. Black Seagate Back up Plus, model SRD0AF1, SN: NA959PHF;
34. WD PIN WD2500BB-00WA0 250GB
35. Hitachi desk star 123.5GB, SN: C3C7V1HK;
36. WD 320GB, SN: WMAV28232904;
37. Toshiba 3TB, SN: WMAV28232904;
38. Enterprise 3TB, SN: WL3000GSA647ZE;
39. 2GB micro SD and adaptor Samsung;
40. MacBook Pro, model A1502, SN: C17N465363QJ;
41. CPD minicomputer, model G1621-02;
42. Biwin 1TB SSD, SN: 23110949 02 146;
43. Gray Google Pixel 7 Pro in box;

44. Silver Apple MacBook Pro, model A2780, SN: DF366XMJ4H;
45. Hax mini e-reader with memory card;
46. Small book containing passwords;
47. Google Pixel fold phone, IMEI: 35032446233968;
48. Micro Center 4GB USB drive Gigastore professional 633x 64GB micro SD;
49. MacBook Pro with purple keys, model A1534, FCC ID: BCGA1534;
50. Blue Android cellphone, IMEI: 990018932095700;
51. Black & green USB thumb drive "16";
52. Any and all other property and/or accessories involved in or used in the commission of the criminal offense; and
53. Any and all other property involving any visual depiction described in section 2251, 2251A, or 2252, 2252A, 2252B, or 2260.

hereinafter referred to as the Subject Personal Property be, and hereby are FORFEITED to the

United States of America; and

IT IS FURTHER ORDERED that upon entry of the Preliminary Order of Forfeiture, the

Defendant, his attorneys, agents, spouse, and anyone acting on his behalf, and all persons or entities

acting in concert or participation with any of the above, and all persons and entities having actual

knowledge of the order:

a) shall not directly or indirectly, transfer, sell, assign, pledge, distribute, hypothecate, encumber, attach or dispose of in any manner; cause to be transferred, sold assigned, pledged, distributed, hypothecated, encumbered, attached or disposed of in any manner, or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of the Subject Real Property;

b) shall not use or permit the Subject Real Property to be used for any illegal activity;

c) that the owner of the Subject Real Property is required to maintain the present condition of the property, including timely payment of all mortgages, insurance, utilities, taxes, and assessments, until further order of this Court, and

IT IS FURTHER ORDERED that upon entry of the Preliminary Order of Forfeiture, the

United States through its lawfully designated agents and agencies, including the Federal Bureau

of Investigation, the United States Marshals Service, and/or their custodians and designees shall

seize, take custody, control, and possession of the Subject Personal Property whether held by the

Defendant or a third party; and

IT IS FURTHER ORDERED that the United States shall cause publication for at least 30 consecutive days on an official government internet website (www.forfeiture.gov) of the notice of the Preliminary Order of Forfeiture and of its intent to dispose of the Subject Real Property and Subject Personal Property in such manner as the United States directs. The United States must send notice to any person or entity who reasonably appears to be a potential petitioner with standing to contest the forfeiture in the ancillary proceeding; and

IT IS FURTHER ORDERED that the United States shall send Direct Notice of the Preliminary Order of Forfeiture, Appendix A, which is attached to the United States of America's Motion for Preliminary Order of Forfeiture, and incorporated herein, to those known to the United States to have an interest in the Subject Real Property and Subject Personal Property; and

IT IS FURTHER ORDERED that in the event a third-party petition is filed as to the Subject Real Property and Subject Personal Property the United States shall commence discovery proceedings, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas pursuant to Fed. R. Civ. P. 45, to resolve any third-party issues; and

IT IS FURTHER ORDERED that at the time of the sentencing of the Defendant, the forfeiture of the Subject Real Property and Subject Personal Property shall be included in his Judgment in a Criminal Case.

IT IS SO ORDERED.

SIGNED this _____ day of _____, 2026.

_____
HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

4